# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA NICHOLS (MSP License Addict Counselor),<br><br>Defendant. | Cause No. CV 12-00045-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Plaintiff Wayne Hussar filed an Amended Complaint alleging discrimination and slander arising from what he contends was an illegal discharge from treatment at the prison. C.D. 8. Mr. Hussar's allegations do not state a claim under federal law because the discrimination allegation is conclusory and slander is not actionable under 42 U.S.C. § 1983. The Complaint should be dismissed.

## II. JURISDICTION

Mr. Hussar filed this action in federal court. C.D. 1. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint may

1

attempt to state a claim under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

### III. STATUS

Mr. Hussar filed his initial Complaint alleging discrimination and slander against Linda Nichols, an addiction counselor at Montana State Prison. C.D. 1. A pre-service review of the Complaint found that it violated Rule 8 of the Federal Rules of Civil Procedure because it only made general references to discrimination and retaliation. Mr. Hussar was granted leave to amend his Complaint. C.D. 8. He filed an Amended Complaint. C.D. 10. The Amended Complaint raises the same claims against Ms. Nichols; a Montana State Prison "I.T.U."[1] supervisor named Frank; Robert Shaw, an I.T.U. Unit Manager; and C. Slaughter, employed as "Deerlode's B.O.P.P. at M.S.P. Prison."[2] C.D. 10, pp. 3, 7.

Mr. Hussar is a prisoner proceeding in forma pauperis. C.D. 1. His Amended Complaint must be reviewed before it is served on the Defendants to

---

[1] Although not defined by Mr. Hussar, it will be presumed for purposes of these findings that I.T.U. stands for Intensive Treatment Unit.

[2] Construed to refer to the Board of Probation and Parol at the Montana State Prison in Deer Lodge, Montana.

determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915, 1915A. If so, the Amended Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). This is the pre-service review.

### IV. STANDARDS

#### A. Stating a claim

A complaint fails to state a claim on which relief can be granted if it does not allege sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

#### B. Leave to amend

Leave to amend a complaint should be given freely "when justice so

requires." Fed. R. Civ. P. 15. However, a district court may dismiss a complaint without granting leave to amend where a plaintiff's proposed amendments would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011). Leave to amend need not be given if a complaint, as amended, would be subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

### C. Retaliation

Within the prison context, a First Amendment retaliation claim entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### D. Due Process

To state a claim under 42 U.S.C. § 1983 for procedural due process

4

violations, a plaintiff must allege that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law. Zinermon v. Burch, 494 U.S. 113, 125. (1990). If there is no constitutionally protected interest, the Constitution does not require the provision of any process. See Board of Regents v. Roth, 408 U.S. 564, 569 (1971). There is no constitutionally protected interest in prison education or rehabilitation classes. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) citing Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).

### E. Slander/Defamation/Verbal Abuse

Slander does not violate the United States Constitution. Paul v. Davis, 424 U.S. 693, 699–701 (1976) (defamation not actionable under section 1983); Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987)(libel and slander claims precluded by Paul). Similarly, an allegation of "verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under [§ ] 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

## V. FACTS

For purposes of this review, the non-conclusory allegations from Mr. Hussar's Amended Complaint, set forth below, are taken as true.

Ms. Nichols told Mr. Hussar he was a "piece of shit woman beater," that she

was not going to take his kind of language in her class, and that he was a mental case that needed help. She then discharged him from the treatment program so that he could take a mental examination test. Ms. Nichols and her supervisor told him if he passed the test he could finish the class. Mr. Hussar alleges he passed the test but the Defendants refused to let him finish his classes. C.D. 10, p. 4, ¶ IV(A)(1).

Mr. Hussar alleges Ms. Nichols verbally assaulted, slandered and discriminated against him and lied to him about the opportunity to finish a treatment program. He alleges Ms. Nichols' supervisor discriminated against him and refused to let him finish his the treatment program. Lastly, he alleges Mr. Shaw refused to let him finish his treatment program and the Board of Pardons and Parole never responded to his requests for help or his grievances. C.D. 10, p. 4, ¶ IV(A)(2).

## VI. ANALYSIS

Mr. Hussar has provided no additional facts or explanation of the basis upon which he seeks relief in his Amended Complaint. His allegations still fail to state a claim for relief and are still in violation of Rule 8 of the Federal Rules of Civil Procedure.

While Mr. Hussar alleges he was deprived of the opportunity to complete

6

treatment program, he does not state a claim under the Due Process clause because there is no constitutionally protected interest in prison education or rehabilitation classes. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) citing Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Mr. Hussar alleges Ms. Nichols discriminated against him, but the allegation is entirely conclusory. He alleges no specific facts regarding the alleged discrimination, and therefore fails to state a claim on which relief can be granted. Iqbal, 556 U.S. at 678.

Mr. Hussar's allegations that he was slandered fails to state a claim under federal law. Paul, 424 U.S. at 699-701; Oltarzewski, 830 F.2d at 139. Construed liberally, Mr. Hussars allegations might state a claim for slander under Montana law. See Mont. Code Ann. 27-1-803(1). In a civil action in which a district court has original jurisdiction over any claims presented, the court may exercise supplemental jurisdiction over other related claims. 28 U.S.C. § 1367(a). A Court may decline to exercise this jurisdiction. 28 U.S.C. § 1367(c). Here the district court should decline to exercise supplemental jurisdiction of the potential state-law slander claim because the only allegations that arguably invoke original jurisdiction are, as described above, recommended for dismissal. 28 U.S.C. § 1367(c)(3).

## VI. CONCLUSION

Mr. Hussar's allegations fail to state a claim upon which relief may be granted as set forth above and in the August 28, 2012 Order. C.D. 8. Mr. Hussar was given an opportunity to correct these defects and he provided insufficient facts to establish a constitutional violation. Therefore, these defects could not be cured by further amendments and the case should be dismissed.

**"Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr. Hussar failed to state a claim upon which relief may be granted.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Hussar's Complaints fail to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Hussar SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Hussar's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Hussar's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain this action is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Hussar may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing

should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Hussar files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Hussar from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this <u>28th</u> day of November, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge